UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LATOMBA BISHOP,<br><br>Defendant. | No. 2:17-cr-00087-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Latomba Bishop's ("Defendant") Motion for Compassionate Release. (ECF No. 73.) The Government filed an opposition. (ECF No. 74.) Defendant filed a reply. (ECF No. 76.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2017, Defendant pleaded guilty to Counts Seven and Eight of an eight-count indictment.  (ECF No. 49.)  Count Seven charged mail fraud in violation of 18 U.S.C. § 1341.  (ECF No. 10.)  Count Eight charged aggravated identity theft in violation 18 U.S.C. § 1028A(a)(1).  (*Id.*)

On February 22, 2018, the Court sentenced Defendant to a total term of imprisonment of 70 months to be followed by 36 months of supervised release.  (ECF No. 66.)  Defendant is currently serving her sentence at FCI Dublin.  She has served approximately 42 months of her 70-month sentence of imprisonment and her projected release date with good conduct time is June 10, 2022.

On December 23, 2020, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 73.)  Defendant is 35 years old and claims she is particularly vulnerable to COVID-19 due to various health conditions and her current conditions of confinement.  (*Id.*)  Defendant requests a time-served sentence.  (*Id.*)

In opposition, the Government admits Defendant "may be eligible" for release based on her health conditions.  (ECF No. 74 at 9.)  The Government nevertheless argues the Court should deny Defendant's motion because she is a continuing danger to the community and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence.  (*Id.* at 9–12.)

### II. ANALYSIS

#### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

///

In the instant case, Defendant made a compassionate release request to the warden in May 2020. Because 30 days have elapsed since May 2020, it is undisputed Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if she can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate she suffers from multiple medical conditions, including type 2 diabetes, essential (primary) hypertension, and morbid obesity. The Centers for Disease Control and Prevention ("CDC") has identified several medical conditions — including diabetes and obesity — that place individuals at an increased risk of severe illness from COVID-19. *See* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited January 4, 2021). Moreover, Defendant is housed at FCI Dublin, a facility which has had a significant outbreak and currently reports 88 active inmate cases of COVID-19. The presence of COVID-19 in this facility puts Defendant at great and particularized risk due to her well-documented, serious, and ongoing health conditions.

For these reasons, the Court finds Defendant has met her burden to demonstrate she is subject to a serious or unrecoverable condition that substantially diminishes her ability to provide

1 self-care within a BOP facility.  *See* U.S.S.G. § 1B1.13, cmt. n. 1(A).  As such, there are

2 extraordinary and compelling reasons for Defendant's release.

### C. Continuing Danger

4 The Government argues that regardless of the health risks, Defendant is ineligible for

5 compassionate release because she is a continuing danger to the community.  (ECF No. 74 at 9);

6 *see* U.S.S.G. § 1B1.13(2) (requiring courts to determine that a defendant is not "a danger to the

7 safety of any other person or to the community" before granting compassionate release).

8 Specifically, the Government argues Defendant has a history of fraud-related crimes and at least

9 two incidents involved allegations of violence.  (*Id.* at 10.)

10 Despite the Government's arguments, the Court is not persuaded that Defendant is a

11 continuing danger to the community.  Notably, Defendant's criminal history does not include the

12 possession of weapons or recent crimes of violence.  The PSR indicates Defendant's most recent

13 violent crime was an uncharged robbery from 2009.  Most of Defendant's criminal convictions

14 are for fraud-related crimes, likely driven at least in part by her drug and alcohol addiction.

15 Based on the record before the Court, it is clear Defendant struggles with a long-term drug

16 addiction, but it is not clear that she is a danger to others.  Further, the Court believes any danger

17 Defendant may pose can be mitigated by conditions of supervised release.  Therefore, the Court

18 finds Defendant does not pose a danger to the community.

### D. Section 3553(a) Factors

20 The compassionate release statute also requires courts to consider the § 3553(a) factors in

21 determining whether to reduce a defendant's sentence.  *See* 18 U.S.C. § 3582(c)(1)(A).  Here, the

22 Court finds the § 3553(a) factors, specifically the need to provide Defendant with medical care in

23 the most effective manner, weigh in favor of a time-served sentence.  The Court believes the

24 approximately 42 months Defendant has spent in prison constitutes a just punishment for her

25 criminal offenses and is sufficient to deter such conduct in the future and protect the public from

26 further crimes.  Put simply, keeping Defendant imprisoned longer would endanger her health

27 without improving upon the purposes of sentencing.

28 In sum, Defendant has shown extraordinary and compelling reasons for a sentence

reduction because her medical conditions put her in significant danger of suffering severe symptoms from COVID-19.  The Court also finds Defendant is not a danger to the community and the § 3553(a) factors support her release.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Compassionate Release.  (ECF No. 73.)  Accordingly, the Court modifies Defendant's sentence of imprisonment to time served followed by the 36-month term of supervised release imposed in the previous sentence.

In addition, the Court imposes a special condition of supervised release that Defendant be subject to a 6-month period of home confinement, to begin as soon as possible after her release. The terms of the special condition are as follows:

> Defendant shall be monitored for a period of six months, with location monitoring technology, which may include the use of radio frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or SmartLink, at the discretion of the probation officer.  Defendant shall abide by all technology requirements, which could include the requirement of a cellular phone (SmartLink) or the installation of a landline (VoiceID).  Defendant shall pay the costs of location monitoring based upon her ability to pay as directed by the probation officer.  In addition to other court-imposed conditions of release, Defendant's movement in the community shall be restricted as follows:

> Defendant shall be restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.

The Government shall serve a copy of this Order on the warden at FCI Dublin forthwith. Defendant shall be released only after all release plans are in place.

IT IS SO ORDERED.

DATED: January 5, 2021

Troy L. Nunley
United States District Judge